UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENSIUM, LLC,

    Plaintiff,

                                                         Case No. 08-12944

-vs-                                              HON. AVERN COHN

CENTRAL TRANSCRIPTION SERVICES, LLC,

    Defendant.
_____/

## MEMORANDUM AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]

### I. INTRODUCTION

This is a breach of contract case. Plaintiff Kensium, L.L.C. (Kensium), an Illinois company, provided transcription services to defendant Central Transcription Services, L.L.C. (CTS), a Michigan company, from October 2007 through May 2008. Kensium says CTS has paid only a portion of the amount Kensium invoiced on a monthly basis and CTS still owes $82,412.65.

The complaint is in two counts:

(I)    Breach of written contract; and

(II)    Unjust enrichment.

Before the Court is Kensium's motion for summary judgment. CTS has responded to the motion in a two-page brief that does not refute any of Kensium's

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

1

...

factual or legal arguments.  CTS has not responded to Kensium's statement of uncontested facts.  For the reasons that follow, the motion for summary judgment is GRANTED.  A judgment will be entered in favor of Kensium in the amount of $82,412.65.

## II.  FACTS

The facts are from the parties' papers and exhibits, including the deposition testimony of CTS president David Muzzin (Muzzin), invoices, and e-mail messages between the parties.

In a written contract dated October 3, 2007, Kensium agreed to provide transcription services to CTS and CTS agreed to compensate Kensium on a per-line, volume-discounted basis (Contract).  Kensium was required to invoice CTS on a monthly basis.  It did so, at the per-line amount specified in the Contract.  CTS was required to pay within thirty (30) days of invoice.  CTS received eight invoices, for October 2007 through May 2008.  It paid only part of the October invoice and has not paid any of the others.

The following table gives information on the invoices:

| Invoice # | Date of Invoice | Number of Lines Transcribed | Per-Line Rate | Amount | Terms | Date Due |
|---|---|---|---|---|---|---|
| 1840 | 10/31/2007 | 250,902 | $0.050 | $12,545.10 | Net 30 | 11/30/2007 |
| 1888 | 11/30/2007 | 248,624 | 0.060 | 14,917.44 | Net 30 | 12/30/2007 |
| 1948 | 12/31/2007 | 243,711 | 0.060 | 14,622.66 | Net 30 | 01/30/2008 |
| 1997 | 01/31/2008 | 261,491 | 0.050 | 13,074.75 | Net 30 | 03/01/2008 |
| 2066 | 02/29/2008 | 301,478 | 0.050 | 15,073.90 | Net 30 | 02/29/2008 |

| 3127 | 03/31/2008 | 282,527 | 0.050 | 14,126.35 | Net 30 | 04/30/2008 |
| 3268 | 04/30/2008 | 214,466 | 0.050 | 10,723.30 | Net 30 | 05/30/2008 |
| 3390 | 05/31/2008 | 17,725 | 0.065 | 1,152.13 | Net 30 | 06/30/2008 |

The invoices total $96,235.63.  CTS paid Kensium $8,899.63 on the October invoice.  In an attempt to obtain payment on the overdue amount, Kensium agreed to adjust the per-line rates for November and December downward to $0.05; this resulted in a difference of $4,923.35.  The balance remaining is $82,412.65.

E-mail messages between the parties show that CTS was experiencing cash-flow problems during the period in question.  Muzzin admitted that CTS owes Kensium payment on the Contract.  CTS was paid by its customers for the services that Kensium provided, and at a higher rate than the amount charged by Kensium.

CTS admits that it "has not been forthcoming with any documents that 'prove' that there is legitimate dispute over the billing."  CTS says, "The testimony attached hereto in the Defendant's reply [response] and . . . answers to interrogatories demonstrate that there is a substantial issue of material fact that can only be properly resolved by a trial."  CTS attaches no testimony and points to nothing in its answers to support the assertion that there is a legitimate dispute.

### IV.  ANALYSIS

To recover for breach of contract under Michigan law, Kensium has to prove: (1) the existence of a contract with CTS, (2) the terms of the Contract, (3) that CTS breached the contract, and (4) that the breach caused Kensium's injury.  Webster v. Edward D. Jones & Co., L.P., 197 F.3d 815, 819 (6th Cir. 1999).

Kensium has proffered the Contract showing all terms along with testimonial, invoice, and e-mail evidence establishing a breach by CTS that caused Kensium a loss of at least $82,412.65.

CTS has made no attempt to proffer any evidence to rebut any of Kensium's evidence.

## V.  CONCLUSION

For the reasons above, the Court has granted Kensium's motion for summary judgment and enters judgment in its favor in the amount of $82,412.65.  The motion to bar that accompanied the motion for summary judgment is moot.

SO ORDERED.

    s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 28, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 28, 2009, by electronic and/or ordinary mail.

    s/ Julie Owens
Case Manager, (313) 234-5160